UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEREMEY BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-137-CMS |
| | ) | |
| NICHOLAS ALEXANDER FRASIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the docket and overall record. For Plaintiff's blatant violations of Federal Rule of Civil Procedure 11 and failure to abide by this Court's orders, the Court dismisses the case.

**Discussion**

**A. Rule 11 Sanctions**

On August 26, 2026, Plaintiff filed his Memorandum in Opposition to Defendants Dustin Lyon and Darrin Brawley's Motion to Dismiss Plaintiff's Official Capacity Claims Against Them. (Doc. 46). In his Memorandum in Opposition, Plaintiff cites cases that simply do not exist. *See* (Doc. 46) (citing *State v. Devlin*, 420 S.W.3d 622 (Mo. Ct. App. 2013); *State v. Cross*, 516 S.W.3d 375 (Mo. Ct. App. 2017); *Hollingsworth v. City of St. Louis*, 32 F.4th 656 (8th Cir. 2022)).

Upon review, the Court finds "420 S.W.3d 622" is a nonexistent legal citation. Likewise, there is no Missouri case titled *State v. Devlin* in 2013; there is no Missouri case titled *State v. Cross* in 2017; and there is no Eighth Circuit case titled *Hollingsworth v. City of St. Louis* at all. More, the Court finds that the case actually found at 32 F.4th 656 is a class action against insurance carriers having no application to this case. *See Monday Restaurants v. Intrepid Ins. Co.*, 32 F.4th

656 (8th Cir. 2022). Needless to say, that insurance case does not state the proposition for which Plaintiff cites it: "a police officer who fails to intervene to prevent another officer from violating an individual's constitutional rights can be held liable under § 1983." (Doc. 46 at 5).

These fictitious citations suggest Plaintiff utilized some form of artificial intelligence (AI) to draft his Memorandum. Regardless of whether AI was used, Plaintiff's Memorandum contains obvious "hallucinations," *i.e.*, "fabricated cases that do not exist." *Burnside v. Verdick*, 832 F. Supp. 3d 882, 884 (S.D. Iowa 2026). As Judge Schelp recently observed, AI "presents very serious dangers that are 'fundamentally incompatible with our justice system' predicated on 'integrity and honesty from parties.'" *Id.* (quoting *Mills v. City of St. Louis*, No. 4:25-cv-1219-MTS, 2025 WL 3470293, at *1 (E.D. Mo. Dec. 3, 2025)). "Providing the Court with fake cases and forged quotations cannot be squared with Rule 11(b)" and a "filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) . . . ." *Mills*, 2025 WL 3470293, at *1. "[F]ake cases are not 'existing law' and citing them 'does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law.'" *Burnside*, 832 F. Supp. 3d at 885.

"Federal Rule of Civil Procedure 11 imposes obligations upon *pro se* and represented litigants alike. *See* Fed. R. Civ. P. 11(b) (expressly including unrepresented parties within the purview of Rule 11)." *Burnside*, 832 F. Supp. 3d at 884. Rule 11(b) provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting or later advocating it—an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b). Rule 11(c) goes on to state, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an

appropriate sanction on any . . . party that violated the rule . . . ." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Similarly, this Court's publicly posted Judge's Requirements prominently warn:

> Attorneys and self-represented parties alike must exercise great caution in submitting any AI-generated material in pleadings before the Court. Use of AI without verification of its accuracy, like any other shoddy research method, implicates Federal Rule of Civil Procedure 11, which prohibits the filing of frivolous or unsupported pleadings and sanctions violations.
>
> Attorneys and self-represented parties are therefore on notice that any pleading or form document (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law, is not properly reviewed or completed by the filer, or that has not been subjected to an inquiry reasonable under the circumstances pursuant to Rule 11, **will result in the imposition of sanctions**.

Judge's Requirements, Judge Cristian M. Stevens (2026), https://www.moep.uscourts.gov/sites/moed/files/judges/requirements/CMS%20Requirements%20%287.29.2026%29.pdf [https://perma.cc/FWW6-H4YH] (emphasis in original). The sanctions described include "dismissal of the action." *Id.*

In its Order of August 10, 2026, *just 16 days before Plaintiff filed his Memorandum in Opposition*, this Court directed the same warning to the parties in this case:

> Attorneys and self-represented parties alike must exercise great caution in submitting any AI-generated material in pleadings before the Court. Use of AI without verification of its accuracy, like any other shoddy research method, implicates Federal Rule of Civil Procedure 11, which prohibits the filing of frivolous or unsupported pleadings and sanctions violations.
>
> Attorneys and self-represented parties are therefore on notice that any pleading or form document (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law, is not properly reviewed or completed by the filer, or that has not been subjected to an inquiry reasonable under the circumstances pursuant to Rule 11, **will result in the imposition of sanctions**.

(Doc. 23 at 3) (citing Fed. R. Civ. P. 11(b)) (emphasis in original). Again, the referenced sanctions include "dismissal of the action." *Id.*

Plaintiff was clearly on notice, and had a reasonable opportunity to respond, that any pleading (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law, would result in the imposition of sanctions, including dismissal of his case.

To paraphrase Judge Schelp, our legal system depends on truth and integrity. Plaintiff and his apparently AI-generated research have produced various obviously false case citations and demonstrate a stunning lack of integrity. This is not an isolated incident. The Court has observed a marked increase in apparently AI-generated pleadings from mostly *pro se* litigants in recent months, with similar results. Keeping in mind Rule 11(c)(4)'s admonition that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated[,]" the Court dismisses this case pursuant to Rule 11. *See Mills v. City of St. Louis*, No. 4:25-cv-1219-MTS, 2026 WL 251781 (E.D. Mo. Jan. 30, 2026), *aff'd per curiam*, No. 26-1236, 2026 WL 2410312 (8th Cir. Aug. 18, 2026) (dismissing case with prejudice as Rule 11 sanction for plaintiff's filings containing "misquotations or misrepresentations about case law"); *Burnside v. Verdick*, No. 3:25-cv-00134-SMJ-SBJ (S.D. Iowa June 15, 2026) (dismissing case for plaintiff's failure to respond to court's order to show cause why case should not be dismissed for citations to hallucinated cases).

**B. Failure to Follow the Court's Orders**

The Court also dismisses the case for Plaintiff's failure to follow the Court's orders, including its Show Cause Order, pursuant to the Court's inherent power to manage its docket. *See Link v. Wabash*, 370 U.S. 626 (1962); *Haley v. Kansas City Star*, 761 F.2d 489, 490–91 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court."). In addition to Plaintiff's failure to follow the Court's orders regarding AI and Rule 11 sanctions, Plaintiff has failed to abide by other orders of the Court.

The case is more than one year old, and Plaintiff has yet to serve all Defendants. The Court has done all it can to accommodate Plaintiff's *pro se* status, including granting Plaintiff additional time to serve Defendants and even directing alternative service of certain Defendants by the Clerk of Court on Plaintiff's behalf. (Doc. 23).

The Court recently ordered Plaintiff to show cause by August 24, 2026, why various Defendants should not be dismissed from the case for Plaintiff's failure to serve them. *Id.* Instead, Plaintiff filed a Retroactive Motion for Extension of Time to Effect and Validate Service Nunc Pro Tunc, (Doc. 39), in which Plaintiff conceded he had missed the 90-day deadline to serve Defendants by anywhere from 12 days to approximately 215 days. *Id.* Then, on August 25, 2026, after the show cause deadline had passed, Plaintiff untimely filed his Response to Order to Show Cause and Motion for Extension of Time to Serve Defendant Shannon County. (Doc. 43).

Once again, the Court indulged Plaintiff by retroactively extending the already expired service deadline and granting Plaintiff until September 10, 2026, to effect and validate service on all Defendants. (Doc. 48). The Court separately granted Plaintiff until September 10 to serve Defendant Shannon County. (Doc. 47). Plaintiff did neither. Rather, on September 10, he filed a Motion for Expedited Discovery to Identify John/Jane Doe Defendants. (Doc. 54). On September 11, Plaintiff filed a pleading styled "Plaintiff's Response to Order to Show Cause and Motion for Extension of Time to Complete Service Nunc Pro Tunc," (Doc. 55), in which he requested "an order discharging the Order to Show Cause and extending the time to serve Defendant Shannon County . . . ." *Id.* Plaintiff's deadline to serve all Defendants, including Shannon County, had expired on September 10, and the show cause deadline of August 24, 2026, had expired more than two weeks earlier.

"A district court has the power to dismiss a litigant's cause of action [with prejudice] when the litigant fails to comply with the court's orders." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) (citing Fed. R. Civ. P. 41(b)); *see also Link*, 370 U.S. at 629–30. A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party. *Id.* at 1260. "Because dismissal with prejudice is an extreme sanction . . ., it should be used only in cases of willful disobedience of a court order." *Id.* (internal citations and quotations omitted). The Court finds that Plaintiff has willfully disobeyed its orders, including the Show Cause Order, and concludes that dismissal with prejudice is the appropriate sanction to remedy the effects of Plaintiff's transgressions on the Court and the resulting prejudice to Defendants.

**Conclusion**

Pursuant to this Court's Requirements, Rule 11(b), Rule 41(b), and this Court's inherent power to manage its docket, the Court will dismiss the action as a sanction for Plaintiff's violations of Rule 11 and this Court's orders.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that any and all pending motions are **DENIED**.

The Clerk of Court is directed to close this case.

Dated this 15th day of September, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE